NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001077
30-APR-2014
08:31 AM

NO. CAAP-13-0001077

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff-Appellee, v.
DANILO BAYANGOS DUDULAO, MARIBEL PERALTA DULDULAO; JOHN DOE OR
JANE DOE; ALL PERSONS RESIDING WITH AND ANY PERSONS CLAIMING BY
AND THROUGH OR UNDER THEM, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC11-1-3502)

ORDER
(1) GRANTING FEBRUARY 7, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION;
(2) STRIKING THE UNAUTHORIZED MARCH 14, 2014 REPLY MEMORANDUM,
AND
(3) DENYING ALL OTHER PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee Federal Home Loan
Mortgage Corporation's (Appellee FHLMC) February 7, 2014 motion
to dismiss appellate court case number CAAP-13-0001077 for lack
of appellate jurisdiction, (2) Defendants-Appellants Danilo
Bayangos Duldulao and Maribel Peralta Duldulao's (the Duldulao
Appellants) February 15, 2014 memorandum in opposition to
Appellee FHLMC's February 7, 2014 motion to dismiss, (3) Appellee
FHLMC's unauthorized March 14, 2014 reply memorandum in support
of Appellee FHLMC's February 7, 2014 motion to dismiss, and (4)
the record, it appears that Rule 27 of the Hawaiʻi Rules of
Appellate Procedure (HRAP) does not authorize a reply memorandum
in support of a motion, and, thus, we hereby order that Appellee
FHLMC's unauthorized March 14, 2014 reply memorandum in support
of Appellee FHLMC's February 7, 2014 motion to dismiss is

stricken from the record, and we refrain from considering it while reviewing the merits of Appellee FHLMC's February 7, 2014 motion to dismiss. Furthermore, it appears that the Duldulao Defendants lack standing to appeal from the District Court of the First Circuit's (District Court) May 7, 2013 judgment for possession against non-party Emily Lelis, because the May 7, 2013 judgment for possession does not aggrieve the Duldulao Appellants, and, thus, dismissal for lack of standing is warranted.

We initially note that the District Court originally entered an October 7, 2011 judgment for possession in favor of Appellee FHLMC and against the Duldulao Appellants as to the real property that was the subject of Appellee FHLMC's April 26, 2011 complaint for ejectment against the Duldulao Defendants. Although the October 7, 2011 judgment for possession did not resolve all issues, such as whether Appellee FHLMC is entitled to an award of money damages, as Hawaii Revised Statutes § 641-1(a) (1993 & Supp. 2013) requires under the holding in Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999), the October 7, 2011 judgment for possession and the accompanying October 7, 2011 writ of possession required immediate execution of a command that the Duldulao Defendants deliver the subject property to their adversary, Appellee FHLMC, and, thus, the October 7, 2011 judgment for possession was an immediately appealable judgment under the Forgay doctrine, which "allows an appellant to immediately appeal in a judgment for execution upon property, even if all claims of the parties have not been finally resolved." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.2d 397, 401 (2005) (citation and internal quotation marks omitted); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). However, Appellee FHLMC correctly argues that the Duldulao Appellants' May 24, 2013 notice of appeal is untimely as to the October 7, 2011 judgment for possession because the Duldulao Appellants did not file their May 24, 2013 notice of appeal within thirty days after entry of the October 7, 2011 judgment for possession, as HRAP Rule 4(a)(1) requires for a timely appeal.

2

The Duldulao Appellants argue that they are appealing from the May 7, 2013 judgment for possession, and, furthermore, that the district court clerk did not initially include the October 7, 2011 judgment for possession in the record on appeal. Granted, "[i]n civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted); HRAP Rule 4(a)(5) ("A judgment or order is entered when it is filed in the office of the clerk of the court."). Nevertheless, the October 7, 2011 judgment for possession contains the signature of the presiding judge and the district court clerk's file-stamp indicating that the district court clerk filed it in office of the district court clerk on October 7, 2011. Furthermore, on March 5, 2014, the District Court entered an order to supplement the record on appeal with the October 7, 2011 judgment for possession pursuant to HRAP Rule 10(e)(2)(B).

The Duldulao Appellants argue that the October 7, 2011 judgment for possession is no longer in effect, because on December 15, 2011, the District Court, as reflected in the District Court minutes, stated that no attorneys had appeared at a scheduled status conference regarding the issue of bankruptcy, and, consequently, the District Court orally ordered the case dismissed without prejudice. However, the District Court did not reduce this oral ruling to a written dismissal order signed by the presiding judge. There is no written dismissal order that the District Court judge signed and entered in this case.[1] Rule

---

[1] The concept of entering of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962). Thus, Hawai'i appellate courts have held that family court minute orders and circuit court minute orders are not enforceable as court orders. See, e.g., Torres v. Torres, 100 Hawai'i 397, 407, 60 P.3d 798, 808 (2003) ("The family court's September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order. Consequently, the time within which Louan was required to file her motion for reconsideration did not begin on September 24, 1999."); Glover v. Grace Pacific Corporation, 86 Hawai'i 154, 162, 948 P.2d 575, 583 (App. 1997) ("The [circuit] court's minute order of
(continued...)

3

23 of the Rules of the District Courts of the State of Hawai'i (RDCH) requires that, after the parties have had their opportunities to propose the form of an order to the presiding judge, "the court shall proceed to settle the . . . order." Implicit within the language of RDCH Rule 23 is that the district court settles a proposed written order by having either a district court judge or district court clerk sign the written order. Cf. HRS § 604-20 (1993) ("The clerks of the district court shall have . . . the power to sign and enter judgments, subject to the direction of the court[.]"). Absent a written dismissal order, the District Court's oral dismissal, as reflected in the District Court minutes, did not, in fact, dismiss this case, and, as a result, the October 7, 2011 judgment for possession has remained a valid, enforceable, appealable final judgment pursuant to HRS § 641-1(a) and the Forgay doctrine.

Although the District Court subsequently entered three more judgments for possession (i.e., the District Court's May 7, 2013 judgment for possession, the October 2, 2013 "amended" judgment for possession, and the February 12, 2014 "second amended" judgment for possession), the District Court never entered any written order that invoked an appropriate rule for setting aside or vacating the original October 7, 2011 judgment for possession, such as Rules 59 or 60 of the District Court Rules of Civil Procedure (DCRCP). Cf. Wong v. Wong, 79 Hawai'i 26, 29-30, 897 P.2d 953, 956-57 (1994).[2] Even if the District

---

[1](...continued)
September 14, 1993[,] was not the 'requisite written' order which could be enforced."); State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) ("Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.' RCCH Rule 27." (Footnote omitted).); cf. KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (A district court's "oral decision is not an appealable order."); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) ("[A] minute order is not an appealable order.").

[2]    Under analogous circumstances involving a civil circuit court case, the Supreme Court of Hawai'i explained that

> the circuit courts are now governed by the Hawai'i Rules of
> Civil Procedure. Those rules set forth the circumstances

(continued...)

Court had invoked DCRCP Rule 59 or DCRCP Rule 60 for vacating or setting aside the October 7, 2011 judgment for possession, the three subsequent judgments for possession did not substantially or materially change the District Court's substantive adjudication against the Duldulao Appellants in the October 7, 2011 judgment for possession, and, thus, the three subsequent judgments for possession did not postpone the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the October 7, 2011 judgment for possession. As the Supreme Court of Hawai'i has explained:

> The general rule is that <u>where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment</u>, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

<u>Poe v. Hawai'i Labor Relations Board</u>, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); <u>State v. Mainaaupo</u>, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008). Furthermore:

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. <u>If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree</u>.

---

[2](...continued)
> under and the times within which the circuit courts may take actions to review and set aside their own judgments, <u>see</u> HRCP 50, 52(b), 59, and 60, and a rule, HRCP 6(b), that specifically limits the granting of extensions of time to take such actions. Once a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend it is by appropriate motion under HRCP 59(e). <u>DuPonte</u>, 53 Haw. at 126, 488 P.2d at 539.

<u>Wong v. Wong</u>, 79 Hawai'i 26, 29-30, 897 P.2d 953, 956-57 (1994) (footnote omitted). Thus, in <u>Wong v. Wong</u>, where a circuit court had entered an appealable final judgment on December 28, 1993, and the appellant did not timely and expressly invoke one of the rules authorizing the circuit court to alter or amend the December 28, 1993 judgment, the Supreme Court of Hawai'i held that the circuit court lacked jurisdiction to enter a January 20, 1994 amended judgment. <u>Id.</u> at 31, 897 P.2d at 958.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i at 418, 49 P.3d at 384 (citations, internal quotation marks, and original brackets omitted; emphasis added). The October 7, 2011 judgment for possession appears to have finally determined the issue of whether Appellee FHLMC is entitled to exclusive possession of the subject property in the instant case. The three subsequent judgments for possession added nothing substantive and material to the substance of the October 7, 2011 judgment for possession, which provided that Appellee FHLMC was entitled to exclusive possession of the subject property. Therefore, under the holding in Poe v. Hawai'i Labor Relations Board, the entry of the three subsequent judgments for possession did not postpone the time within which an appeal had to be taken from the October 7, 2011 judgment for possession.

The Duldulao Appellants did not file their May 24, 2013 notice of appeal within thirty days after entry of the October 7, 2011 judgment for possession, as HRAP Rule 4(a)(1) requires for a timely appeal. Therefore, the Duldulao Appellants' appeal is untimely as to the October 7, 2011 judgment for possession. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). To the extent that the Duldulao Appellants seek appellate review of the October 7, 2011 judgment for possession that was immediately appealable under the Forgay doctrine, the Duldulao Appellants' appeal in appellate court case number CAAP-13-0001077 is untimely and we lack appellate jurisdiction. Consequently, the Duldulao Appellants must await the District Court's final resolution of all the remaining claims in the case before they will be able to obtain appellate review of the October 7, 2011 judgment for

possession. See, e.g., Ciesla v. Reddish, 78 Hawai'i at 21, 889 P.2d at 705 ("The immediate appeal of the judgment for possession under the Forgay doctrine being untimely, Reddish must await final resolution of all claims in the case before challenging the judgment for possession.").

In the Duldulao Appellants' May 24, 2013 notice of appeal, the Duldulao Appellants purport to appeal from the May 7, 2013 judgment for possession, which enters judgment "AS TO EMILY LELIS AND ALL PERSONS RESIDING WITH AND ANY PERSONS CLAIMING BY AND THROUGH OR UNDER HER[.]" No person named "Emily Lelis" ever intervened in this case pursuant to DCRCP Rule 24. Furthermore, the May 7, 2013 judgment for possession refers to real property with a tax map key number that is different from the tax map key number of the subject property to which both Appellee FHLMC's complaint and the October 7, 2011 judgment for possession refer. "Generally, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" Kahala Royal v. Goodsill Anderson Quinn & Stifel, 113 Hawaii 251, 277-78, 151 P.3d 732, 758-59 (2007). More importantly, however, the fact that the May 7, 2013 judgment for possession enters judgment as to a non-party and the wrong real property raises the issue whether the Duldulao Appellants have standing to obtain appellate review of the May 7, 2013 judgment for possession. The Supreme Court of Hawai'i has imposed three requirements for standing to appeal, including a requirement that the appellant must be aggrieved by the ruling:

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and original emphasis omitted; new emphasis added). With respect to the third requirement that a party must be aggrieved by the ruling, "[a]n aggrieved party has been defined by th[e supreme] court in a civil context as one who is affected or prejudiced by the

7

appealable order." State v. Baxley, 102 Hawai'i 130, 134, 73 P.3d 668, 672 (2003) (citations and internal quotation marks omitted). Appearing as an active and named party in a case is, by itself, not enough to compensate for the fact that the ruling does not aggrieve that party. For example, the Supreme Court of Hawai'i has held that "the mere circumstance that intervention was allowed without objection is not decisive of the question whether [a party] presently has a justiciable interest as a party aggrieved." Honolulu Construction & Draying Company v. Terrace Developers, Limited, 48 Haw. 68, 74, 395 P.2d 691, 696 (1964). Instead, an aggrieved party is,

> one whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.

State v. Baxley, 102 Hawai'i 130, 134, 73 P.3d 672 (citations, brackets, and some quotation marks omitted). Consequently, Hawaii appellate courts have held that an appellant lacked standing to appeal when the appellant failed to show that the trial court's judgment aggrieved the appellant. See, e.g., State v. Baxley, 102 Hawai'i at 134, 73 P.3d at 672; Hana Ranch, Inc. v. Kumakahi, 6 Haw. App. 341, 348, 720 P.2d 1023, 1028 (1986).

The May 7, 2013 judgment for possession does not aggrieve the Duldulao Appellants because the May 7, 2013 judgment for possession does not enter judgment against the Duldulao Appellants as to the subject property in this case. Because the May 7, 2013 judgment for possession (a) enters judgment against a non-party instead of the Duldulao Appellants and (b) refers to the wrong tax map key number of the subject property, the May 7, 2013 judgment for possession does not aggrieve the Duldulao Appellants. Consequently, under the holding in Abaya v. Mantell, the Duldulao Appellants do not have standing to appeal from the May 7, 2013 judgment for possession. Therefore,

IT IS HEREBY ORDERED that Appellee FHLMC's February 7, 2014 motion to dismiss this appeal is granted, and appellate

8

court case number CAAP-13-0001077 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that Appellee FHLMC's unauthorized March 14, 2014 reply memorandum in support of Appellee FHLMC's February 7, 2014 motion to dismiss is stricken from the record.

IT IS FURTHER HEREBY ORDERED that and all other pending motions in appellate court case number CAAP-13-0001077 are dismissed as moot.

DATED:  Honolulu, Hawai'i, April 30, 2014.


Chief Judge


Associate Judge


Associate Judge

9